UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JERMAIN HAYTHE,

Plaintiff,

**FIRST AMENDED
COMPLAINT**

-against-

THE CITY OF NEW YORK; COMMISSIONER MARTIN
F. HORN; CORRECTIONS CAPTAIN JOHN DOE # 1;
C.O. E. LAW, Shield # 10198; C.O. P. MORAN, Shield #
10679; and C.O. JOHN DOES # 1-5; the individual
defendants sued individually and in their official capacities,
Defendants.

07 CV 8349 (RHB) (MHD)

ECF Case

Jury Trial Demanded

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation
of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth,
Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State
of New York.  The claims arise from an incident, which occurred on or about January 5, 2007.
During the incident the City of New York and members of the New York City Department of
Correction ("DOC") subjected plaintiff to, among other things, false arrest and imprisonment,
excessive force, an unlawful search and seizure, assault and battery, intentional and negligent
infliction of emotional distress, retaliation for free speech, conspiracy, harassment, abuse of
process, gross negligence, negligent hiring and retention of incompetent and unfit employees,
negligent supervision, training and instruction of employees, and implementation and
continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks
compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees,
and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's claims.  Moreover, this action was filed within one year and 90 days of the incidents that are the basis of this case.

4.      Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.      Plaintiff Jermain Haythe is a resident of the State of New York, New York County.

6.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

7.      Defendant Commissioner Martin F. Horn is the Commissioner of the DOC, with his headquarters located in New York, New York, who violated plaintiff's rights as described herein.

2

8.    Defendant Corrections Captain John Doe # 1 is a New York City corrections captain assigned to the Riker's Island Control Center located at 16-16 Hazen Street, East Elmhurst, New York, who violated plaintiff's rights as described herein.

9.    Defendant C.O. E. Law is a New York City corrections officer assigned Shield # 10198, located at the Riker's Island Control Center, 16-16 Hazen Street, East Elmhurst, New York, who violated plaintiff's rights as described herein.

10.    Defendant C.O. P. Moran is a New York City corrections officer assigned Shield # 10679, located at the Riker's Island Control Center,16-16 Hazen Street, East Elmhurst, New York, who violated plaintiff's rights as described herein.

11.    Defendant C.O. John Does # 1-5 are New York City corrections officers assigned to the Riker's Island Control Center located at 16-16 Hazen Street, East Elmhurst, New York, who violated plaintiff's rights as described herein.

12.    The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

13.    The following is a summary set for the purpose of demonstrating, averring, and providing notice of plaintiff's claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

14.    On January 5, 2007, at approximately 1:30 p.m. at the Riker's Island Control Center located at 16-16 Hazen Street, East Elmhurst, New York, defendants Corrections Captain John Doe # 1, C.O. Law, C.O. Moran, and C.O. John Does # 1-5 committed the following illegal acts, at times in concert and at times independently, against the plaintiff.

15.    Plaintiff had registered as an inmate visitor at the Riker's Island Control Center located at 16-16 Hazen Street, East Elmhurst, New York and in the waiting area was talking with another visitor when he was directed and taken by the defendants, including C.O. Law, into a private room, used for strip searches without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, and falsely detained and/or arrested plaintiff.

16.    Once defendants approached plaintiff, he was not free to disregard the officers' questions or walk away.

17.    Once in the private room, the defendants, including C.O. Law, without justification or cause, had plaintiff strip off his clothes.

18.    As plaintiff was in the process of stripping off his clothes, when the defendants, at times individually and at times in concert, maliciously, gratuitously, and unnecessarily grabbed plaintiff's arms, and while so held C.O. Moran repeatedly head butted plaintiff about the head, face and neck, forcing plaintiff's back into wall.  Those defendants who did not physically assault plaintiff observed those officers who did but failed to intervene.

19.    Thereafter, plaintiff was released and ordered off of Riker's Island.

20.    Plaintiff left Riker's Island and went to Harlem Hospital that same day where he was treated for his injuries.

21.    Upon information and belief, defendant a Supervisor Corrections Captain participated in and supervised the above-described unlawful conduct.

22.    The individual defendants acted in concert committing these illegal acts against plaintiff.

23.    Plaintiff did not resist the corrections officers or his detention at any time during the above incidents.

24.    Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

25.    The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

26.    At no time prior to or during the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

27.    The aforesaid events were not an isolated incident.  Defendants Commissioner Horn has been aware (from lawsuits, notices of claim and complaints) that many of the DOC's officers are insufficiently trained on the proper way to use force, investigate subjects, and search and question visitors.  These defendants are further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, these defendants have failed to take corrective action.   This failure caused the officers in the present case to violate the plaintiff's civil rights.

28.    Moreover, Commissioner Horn was aware prior to the incident that the subordinate defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, the defendant has retained these officers, and failed to adequately train and supervise them.

29.    As a result of defendants' actions plaintiff experienced personal and physical injuries (including include lacerations about the mouth, contusions to his back, and

bruises), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

### FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

30.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

31.    The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, an unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

32.    The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing to false arrest and imprisonment, excessive force, an unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

33.    Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their

powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive

plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments to the United States Constitution, and New York State law.

      34.    As a direct and proximate result of the misconduct and abuse detailed

above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion

of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and

humiliation.

      35.    The plaintiff is also entitled to receive punitive damages because

defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's

rights.

### FEDERAL AND STATE CLAIMS AGAINST DEFENDANT HORN

      36.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same

were fully set forth at length herein.

      37.    Defendant Horn is liable, in his official capacity, to plaintiff because: (1)

he created and allowed to continue a policy or custom under which unconstitutional practices

occurred, (2) he was grossly negligent in supervisor subordinates who committed the wrongful

acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on

information indicating that unconstitutional acts were occurring.

      38.    Upon information and belief, defendant Horn was aware from notices of

claim, lawsuits, complaints, and the DOC's own observations, that the officers sued in the

present case were unfit to be officers, and that it was highly likely that they would commit the

acts alleged in the present case.

39.     Nevertheless, defendant Horn exercised deliberate indifference by failing to take remedial action.

40.     The aforesaid conduct by defendant Horn violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at Horn's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

41.     As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

42.     The aforesaid conduct of defendant Horn amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

## FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

43.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44.     The City of New York directly caused the constitutional violations suffered by plaintiff.

45.     Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from DOC's own observations, that the officers

involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

46.    Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, assault citizens without consequence.  Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

47.    The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

48.    Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

49.    Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
          December 19, 2007

MICHAEL OLIVER HUESTON, ESQ.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
mhueston@nyc.rr.com
By:

_____
MICHAEL OLIVER HUESTON (MH-0931)