UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JERMAIN HAYTHE,

                          Plaintiff,

            -against-

THE CITY OF NEW YORK, COMMISSIONER
MARTIN F. HORN, CAPTAIN JOHN DOE #1; C.O.
E. LAW, Shield # 10198; C.O. P MORGAN, Shield #
10679, and C.O. JOHN DOES #1-5

                                   Defendants.

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND MARTIN HORN**

07 CV 8349 (RHB) (MHD)

Jury Trial Demanded

------------------------------------------------------------------ x

        Defendants City of New York and Martin F. Horn, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein and that a document purporting to be a Notice of Claim was received by the

---

[1] A check of the docket sheet indicates that affidavits of service of the summons and amended complaint have not been filed with respect to the individuals identified in the caption of the amended complaint as "Correction Officer E. Law" and "Correction Officer P. Morgan," nor have these individuals requested representation from this office. Without making any representations on behalf of the aforementioned individuals, it is respectfully requested that, in the event they were served, their time to respond to the amended complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.

Comptroller's Office on or about January 17, 2007 and that the amended complaint in this action was filed with the Court on or about December 20, 2007.

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6. Admit the allegations set forth in paragraph "6" of the amended complaint.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Martin F. Horn is employed by the City of New York as Commissioner of the New York City Department of Correction.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified individuals.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that E. Law, Shield No. 10198, is employed by the City of New York as a Correction Officer.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, except admit that P. Morgan, Shield No. 10679, is employed by the City of New York as a Correction Officer.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified individuals.

- 3 -

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that plaintiff purports to sue the individual defendants in their individual and official capacities.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

14. Deny the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. Deny the allegations set forth in paragraph "26" of the amended complaint.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. In response to the allegations set forth in paragraph "30" of the amended complaint, defendants repeat and reallege paragraphs "1" through "29" of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint, except state that the allegations concerning defendants acting "under the color of state

- 5 -

law" and "within the scope of their employment" are conclusions of law, to which no response is required.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. In response to the allegations set forth in paragraph "43" of the amended complaint, defendants repeat and reallege paragraphs "1" through "42" of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

49. The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

50. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

52.   Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

53.   Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

54.   There was reasonable suspicion and/or probable cause for any search.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

55.   At all times relevant to the acts alleged in the amended complaint defendant Horn acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

56.   Defendant Horn has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

57.   At all times relevant to the acts alleged in the amended complaint, defendant City, its agents and officials acted reasonably in the proper and lawful exercise of their discretion. As a result, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

58.   Martin Horn had no personal involvement in the allegations alleged in the amended complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

59.     To the extent that plaintiff asserts state law clams against the defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

60.     Punitive damages cannot be assessed against the City of New York.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE:

61.     There was reasonable suspicion and/or probable cause to detain plaintiff.

**WHEREFORE,** defendants City of New York and Martin Horn request judgment dismissing the amended complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           January 16, 2008

    MICHAEL A. CARDOZO
    Corporation Counsel of the
     City of New York
    Attorney for Defendants City of New York and
    Martin Horn
    100 Church Street
    New York, New York 10007
    (212) 442-8600

By: _____
    Sabrina Tann (ST 2552)
    Assistant Corporation Counsel

To:    Mr. Michael Hueston, Esq. (By ECF and First Class Mail)
        350 Fifth Avenue, Suite 4810
        Empire State Building
        New York, New York  10118

07 CV 8349 (RHB) (MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAIN HAYTHE,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER MARTIN F. HORN, CAPTAIN JOHN DOE #1; C.O. E. LAW, Shield # 10198; C.O. P MORGAN, Shield # 10679, and C.O. JOHN DOES #1-5

                                           Defendants.

## ANSWER TO AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Horn*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sabrina Tann*
*Tel: (212) 442-8600*

*Due and timely service is hereby admitted.*

*New York, N.Y. .......................................... ,2007*

*................................................................... Esq.*

*Attorney for ...........................................................*

- 10 -