UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JERMAIN HAYTHE,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
MARTIN F. HORN, CORRECTIONS CAPTAIN
JOHN DOE #1; C.O. E. LAW, Shield # 10198; C.O. P.
MORAN, Shield # 10679, and C.O. JOHN DOES #1-5;
and the individual defendants sued individually and in
their official capacities,

                                  Defendants.

ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS
PEDRO MORAN AND ERIC
LAW

07 CV 8349 (RHB) (MHD)

Jury Trial Demanded

------------------------------------------------------------------- x

        Defendants Pedro Moran and Eric Law, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein, that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about January 17, 2007, and that the complaint in this action was filed with the

---

[1] Defendants Horn and the City of New York served and filed an Answer to the Amended Complaint on or about January 16, 2008.

Court on or about September 25, 2007 and the amended complaint was filed on or about December 20, 2007.

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6. Admit the allegations set forth in paragraph "6" of the amended complaint.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Martin F. Horn is employed by the City of New York as Commissioner of the New York City Department of Correction.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified individual.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Eric Law, Shield No. 10198, is employed by the City of New York as a Correction Officer.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, except admit that Pedro Moran, Shield No. 10679, is employed by the City of New York as a Correction Officer.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identities of "C.O. John Does #1-5."

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that plaintiff purports to sue the individual defendants in their individual and official capacities as stated therein.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

14. Deny the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged treatment at Harlem Hospital.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. Deny the allegations set forth in paragraph "26" of the amended complaint.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. In response to the allegations set forth in paragraph "30" of the amended complaint, defendants repeat and reallege paragraphs "1" through "29" of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint, except state that the allegations concerning defendants acting "under the color of state law" and "within the scope of their employment" are conclusions of law, to which no response is required.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. In response to the allegations set forth in paragraph "43" of the amended complaint, defendants repeat and reallege paragraphs "1" through "42" of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

49. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

50. Defendants Moran and Law have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52. At all times relevant to the acts alleged in the complaint, defendants Moran and Law acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. Plaintiff's has failed to comply in while or in part, with conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

55. Defendants Moran and Law have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff provoked any incident.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

57. The actions of any officers involved, including Corrections Officers Law and Moran, were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

58. Plaintiff may have failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 (e) (a).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

59. Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997 (e) (e).

**WHEREFORE,** defendants Pedro Moran and Eric Law request judgment dismissing the amended complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 4, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants Pedro Moran, Eric Law,
                              Martin Horn and the City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 442-8600

                          By: _____
                                Sarah Evans
                              Assistant Corporation Counsel

To:   Mr. Michael Hueston, Esq.
      350 Fifth Avenue, Suite 4810
      Empire State Building
      New York, New York  10118
      (By ECF and First Class Mail)

07 CV 8349 (RHB) (MHD)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| **JERMAIN HAYTHE,**<br><br>                                                                 Plaintiff,<br><br>-against-<br><br>**THE CITY OF NEW YORK, COMMISSIONER MARTIN F. HORN, CORRECTIONS CAPTAIN JOHN DOE #1; C.O. E. LAW, Shield # 10198; C.O. P. MORAN, Shield # 10679, and C.O. JOHN DOES #1-5; and the individual defendants sued individually and in their official capacities,**<br>                                                                 Defendants. |
| **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANTS PEDRO MORAN AND ERIC LAW** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants Attorney for Defendants Pedro Moran, Eric Law, Martin Horn and the City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Sarah Evans*<br>*Tel: (212) 788-1041* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ..........................................................,2008*<br><br>*..................................................................................... Esq.*<br><br>*Attorney for .....................................................................* |

## DECLARATION OF SERVICE

**Katherine E. Smith** declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On April 4, 2008, I caused to be served the annexed **ANSWER TO AMENDED COMPLAINT** upon the following plaintiff's counsel herein, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to plaintiff's counsel at the address set forth below, being plaintiff's counsel's business address:

Mr. Michael Hueston, Esq.
350 Fifth Avenue, Suite 4810
Empire State Building
New York, New York 10118

Dated:    New York, New York
          April 4, 2008

_____
Katherine E. Smith